David Seror
21650 Oxnard Street, Ste 500
Woodland Hills, CA  91367
(818) 827-9000
      Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SAN FERNANDO VALLEY DIVISION

In re: COMMUNITY HARVEST CHARTER SCHOOLS     §    Case No. 1:12-bk-18006-MT
                                                                                                     §
                                                                                                     §
Debtor(s)                                                                           §

## NOTICE OF TRUSTEE'S FINAL REPORT AND
## APPLICATIONS FOR COMPENSATION
## AND DEADLINE TO OBJECT (NFR)

     Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that <u>David Seror</u>, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

     The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:
  United States Bankruptcy Court
  Central District of California
  21041 Burbank Boulevard
  Woodland Hills, CA 91367

     A hearing on the Trustee's Final Report and Applications for Compensation will be held at 11:00 a.m. on August 26, 2015 in Courtroom 302 of the United States Bankruptcy Court, located at 21041 Burbank Boulevard, Woodland Hills, California 91367.  Any person wishing to object to any fee application that has not already been approved, or to the Trustee's Final Report must file a written opposition thereto pursuant to Local Bankruptcy Rule 9013-1(f)l not later than 14 days before the date designated for hearing and serve a copy of the opposition upon the trustee, any party whose application is being challenged and the United States Trustee. Untimely objections may be deemed waived.  In the absence of a timely objection by the United States Trustee or other party in interest, the Court may discharge the Chapter 7 Trustee and close the case without reviewing the Final Report and Account or determining the merits of the Chapter 7 Trustee's certification that the estate has been fully administered.  See Federal Rule of Bankruptcy Procedure 5009.

**UST Form 101-7-NFR (10/1/2010)**

Date Mailed:  07/21/2015          By:  CLERK OF THE COURT

David Seror
21650 Oxnard Street, Ste 500
Woodland Hills, CA  91367
(818) 827-9000
dseror@ebg-law.com

**UST Form 101-7-NFR (10/1/2010)**

David Seror
21650 Oxnard Street, Ste 500
Woodland Hills, CA  91367
(818) 827-9000
    Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SAN FERNANDO VALLEY DIVISION

In re: COMMUNITY HARVEST CHARTER SCHOOLS     §    Case No. 1:12-bk-18006-MT
                                                                    §
                                                                    §
Debtor(s)                                                  §

# SUMMARY OF TRUSTEE'S FINAL REPORT
# AND APPLICATIONS FOR COMPENSATION

*The Final Report shows receipts of*      $    79,279.21

*and approved disbursements of*      $    3,589.54

*leaving a balance on hand of* [1]      $    75,689.67

**Balance on hand:**      **$**    75,689.67

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|---|
| None | | | | | |

Total to be paid to secured creditors:    $    0.00
Remaining balance:    $    75,689.67

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee, Fees - David Seror | 7,213.96 | 0.00 | 7,213.96 |
| Trustee, Expenses - David Seror | 140.92 | 0.00 | 140.92 |
| Attorney for Trustee, Fees - Diane C. Weil | 10,000.50 | 0.00 | 10,000.50 |
| Attorney for Trustee, Expenses - Diane C. Weil | 258.49 | 0.00 | 258.49 |
| Accountant for Trustee, Fees - MENCHACA & COMPANY LLP | 14,455.00 | 0.00 | 14,455.00 |

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed.  The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category.  The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-NFR (10/1/2010)**

| | | | |
|---|---:|---:|---:|
| Accountant for Trustee, Expenses - MENCHACA & COMPANY | 154.02 | 0.00 | 154.02 |

Total to be paid for chapter 7 administration expenses:  $   32,222.89
Remaining balance:  $   43,466.78

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| None | | | |

Total to be paid for prior chapter administrative expenses:  $   0.00
Remaining balance:  $   43,466.78

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for priority claims:  $   0.00
Remaining balance:  $   43,466.78

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 446,202.16 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.7 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 1 | ROCHELLE CHATMAN | 3,420.00 | 0.00 | 333.16 |
| 2 | School Outfitters | 2,224.08 | 0.00 | 216.66 |
| 3 | ATLANTIC EXPRESS OF LA INC | 121,932.68 | 0.00 | 11,878.07 |
| 4 | HERFF JONES INC | 1,289.88 | 0.00 | 125.65 |
| 5 | Unified Nutrimeals | 80,356.04 | 0.00 | 7,827.88 |
| 6 | Elton J. Hawkins Enterprises | 9,353.50 | 0.00 | 911.17 |

**UST Form 101-7-NFR (10/1/2010)**

| | | | | |
|---|---|---:|---:|---:|
| 7 | Employment Development Department | 15,203.14 | 0.00 | 1,481.01 |
| 8 | Sunshine Speech Services | 1,550.00 | 0.00 | 150.99 |
| 9 | Securitech Security Services | 4,975.00 | 0.00 | 484.64 |
| 10 | PROFICIENT TELECOM | 2,694.00 | 0.00 | 262.44 |
| 11 | YOUNG MINNEY AND CORR LLP | 17,726.08 | 0.00 | 1,726.79 |
| 12 | Vivanna Trujillo | 69,460.81 | 0.00 | 6,766.52 |
| 13 | Premier Educational Staffing LLC | 11,166.95 | 0.00 | 1,087.83 |
| 14 | Sutherland Consulting Group | 7,200.00 | 0.00 | 701.39 |
| 15 | Claudia Santana | 1,050.00 | 0.00 | 102.29 |
| 16 | 5300 Sepulveda Investors LLC | 96,600.00 | 0.00 | 9,410.29 |

Total to be paid for timely general unsecured claims:   $   43,466.78
Remaining balance:   $   0.00

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| None | | | | |

Total to be paid for tardy general unsecured claims:   $   0.00
Remaining balance:   $   0.00

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 677.36 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---:|---:|---:|
| 7A | Employment Development Department | 677.36 | 0.00 | 0.00 |

Total to be paid for subordinated claims: $   0.00
Remaining balance:   $   0.00

**UST Form 101-7-NFR (10/1/2010)**

Prepared By: /s/David Seror
Trustee

David Seror
21650 Oxnard Street, Ste 500
Woodland Hills, CA  91367
(818) 827-9000
dseror@ebg-law.com

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. §1320.4(a)(2) applies.

**UST Form 101-7-NFR (10/1/2010)**